JP:NS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M 11-1010**

-----------------------------------X

UNITED STATES OF AMERICA

- against -

LORI ALLEN,

        Defendant.

-----------------------------------X

C O M P L A I N T

(18 U.S.C. § 1709)

EASTERN DISTRICT OF NEW YORK, SS.:

      EBELISE ADAMES, being duly sworn, deposes and says that she is a Special Agent for the United States Postal Service Office of the Inspector General, duly appointed according to law and acting as such.

      On or about September 10, 2011, within the Eastern District of New York, the defendant LORI ALLEN, being a Postal Service employee, did knowingly and unlawfully steal, abstract and remove from a package articles and things contained therein.

      (Title 18, United States Code, Section 1709)

      The source of your deponent's information and the grounds for her belief are as follows:[1]

      1. On or about September 7, 2011, a package was accepted for Express Mail service at the Santa Western Post

---

[1] Because the purpose of this Complaint is to state only probable cause, I have not described all the relevant facts and circumstances of which I am aware.

Office, a U.S.P.S. facility in Los Angeles, California ("the package"). The package was weighed upon acceptance at the Santa Western Post Office and was found to be 12.10 pounds. The package was addressed to Tamara Hill, 149-84 253rd St., Rosedale, NY 11422 with a return address of "Michael Hill," 19149 La Salle, Los Angeles, CA 90018.

2. On or about September 9, 2011, the package arrived at a U.S.P.S. facility in Rosedale, New York, 11422 ("the Rosedale Post Office") and was deemed suspicious because of its weight, the fact that it originated in California and the fact that it had a handwritten label, factors which, when taken together, are consistent with drug parcels previously seized by the U.S.P.S. The package was selected and set aside for examination. The package consisted of one brown cardboard priority mail parcel, measuring approximately 16.5" x 12.75" x 12".

3. On September 10, 2011, the defendant LORI ALLEN was recorded, on video at 12:32 p.m. removing the package from the supervisor's desk and taking it to her workstation at the customer service window counter. Between 12:32 and 12:46 p.m., the defendant can be seen crouching beneath the counter and using scissors to slice the bottom middle tape seam and the bottom edge tape seam of the package.

4. At 12:46 p.m., another U.S.P.S. employee ("U.S.P.S. employee #2") can be seen returning to the supervisor desk area of the Rosedale Post Office with a manager. U.S.P.S.

employee #2 can subsequently be seen speaking with the defendant LORI ALLEN in the customer service counter area.

5. At 12:53 p.m., U.S.P.S. employee #2 can be seen crouching underneath the customer service counter in the location where the defendant LORI ALLEN had previously tampered with the package. U.S.P.S. employee #2 can been seen cutting the top seam of the package and peeling the top flap of the parcel back. U.S.P.S. employee #2 pulled a large rectangular shaped object from the package and placed it inside a bag she had underneath the middle countertop position.

6. At 12:56 p.m., U.S.P.S. employee #2 retrieved several small square shaped boxes from the same bag underneath the middle countertop position and placed them inside the package. She then added bubble wrap to the package and re-sealed it. At 1:00 p.m., U.S.P.S. employee #2 returned the package to its original position at the supervisor desk. At 2:32 p.m., U.S.P.S. employee #2 and the defendant LORI ALLEN departed the customer service window area of the Rosedale Post Office. U.S.P.S. employee #2 was in possession of the bag in which she had previously placed the large rectangular object removed from the package.

7. On September 26, 2011, United States Postal Inspectors retrieved the package from the Rosedale Post Office supervisor desk and observed signs of tampering as the parcel appeared to have been opened and re-taped closed.

8. On September 30, 2011, United States Postal Inspectors weighed the package and determined that it weighed approximately 6.15 pounds, as opposed to the 12.10 pounds that it was reported to have weighed upon its acceptance into the U.S. Postal Service mail stream.

9. On October 4, 2011, U.S. Customs and Border Protection Officers reported that a narcotics detection canine alerted to the presence of a narcotic odor upon the package.

10. On October 12, 2011, United States Postal Inspectors arrested the defendant LORI ALLEN. Following her arrest, the defendant was given and waived her <u>Miranda</u> warnings. She admitted, in substance and in part, that (1) she took the package from her supervisor's desk for the purpose of stealing drugs that were inside the package; (2) she and U.S.P.S. employee #2 acted together to steal the drugs inside the package; and (3) she received payment of between $1,000 and $2,000 for the drugs.

WHEREFORE your deponent respectfully requests that the defendant LORI ALLEN be dealt with according to law.

EBELISE ADAMES
Special Agent
U.S. Postal Service, Office of
the Inspector General

Sworn to before me this
12th day of October 2011

s/Gold

HONORABLE
UNITED ST                              E
EASTERN D